Good morning, judges. My name is David Kelly. No relation. I'll put that out for the record. I represent Nicholas Peterson. I'm here by way of a CJA appointment from the Western District of Missouri. I was not trial or plea counsel. Mr. Peterson entered a conditional plea to attempted possession of child pornography, receipt of child pornography, possession of child pornography. He was sentenced to 262 months, 240 months, 240 months respectively to run concurrent with each other. The facts of this case were that an individual was contacted a minor in Nebraska. Nebraska authorities began initiating an investigation which led to a Sarpy County, Nebraska magistrate judge and not to be confused with United States magistrate judge issuing a search warrant for records out of California to businesses specifically Google and Snapchat. That information then came back to Sarpy County. That information then ultimately led to Sarpy County determining that the suspect in question or could be a suspect in question was Nicholas Peterson who was to be found in Kansas City, Missouri, Western District of Missouri. Because that was extrajudicial, they turned that matter over to the Kansas City field office of the FBI who in turn sought a search warrant that was then in the Western District of Missouri from the federal Western District of Missouri magistrate. And as part of that search warrant then, Mr. Peterson's home was searched. Both what I would consider to be electronic material was found that would be incriminating and also as part of that, adjacent to that, the defendant made incriminating statements which inculpated him in the allegations that he eventually pled guilty to. On appeal, the only issue that was allowed on appeal because it wasn't a conditional plea was whether or not the district court erred with respect to failing to suppress the information in general that would be not only the search warrant information that was gleaned at Mr. Peterson's home, but also his statements as the fruit of the poisonous tree. So counsel, you don't dispute, do you, that in Nebraska state court judges can issue extraterritorial warrants? I absolutely dispute that. And you know, again, that's what we're here for. This is probably one of the most fascinating questions I've had and honestly one of the most open questions I've had before this court or any other appellate court. We have a combination of what I would call super constitutional question, a statutory construction question which I will get to which directly addresses your question, and then sort of what I would call a more minor but still constitutional question based upon Leon Goodfaith. If we go to the super, if you will, constitutional question, the funny thing is, is it really doesn't exist. And I believe I am not wrong in stating this court is really going to be one of the first courts of impression when it comes to this. And the super question, Judge Gorsuch, when he was with the Tenth Circuit, brought it up, although it was sort of dicta, and said, hey, should any judge be able to command anyone outside of their own jurisdiction under the Fourth Amendment to produce information back to a district in which they are not presiding over? He, Judge Gorsuch, at the time, again with the Tenth Circuit, he's now ascended further up the chain as you know, said, I think there's a real problem here because at common law, magistrates were typically limited in their ability to compel the production of material from, based upon their geographical jurisdiction. Now, over time- That is exactly right. Well, again, wow, you're really trying on that one. I appreciate that. It's not clear. There is a statute in Nebraska that says that, if you will, under the SCA, which is, of course, under the federal law, the Storage Communication Act, Nebraska specifically under that statute said that you can go extrajudicial for stored files that are not in your jurisdiction and you can go extrajudicial for what would be transactions. That's not what was sought here. Identification was sought here. That is neither of those two categories. So that's the statutory construction part that is new. It hasn't been parsed by this court or any other in or out of Nebraska. And then you have that super constitutional issue. I recognize, I think we all do, we don't live in a place and time now where we're not national. We are national. What specifically is the constitutional limitation here? The constitutional limitation is, at the time that the Fourth Amendment was enacted, common law routinely and pretty much firmly held, as Justice Gorsuch has now recognized, that magistrates who are geographically limited cannot compel an entity, a person, or any other kind of individual or entity holding information outside of their geographical and jurisdictional borders. Are you relying on cases dealing with federal magistrates? Interestingly enough, if you look at the federal magistrates, that is not what I'm relying on. And I do think that starts to get a little confused. But even in the federal sense, based upon rules, not upon constitutional principles, courts have routinely said, hey, Western District, you are limited to the Western District in issuing your warrants unless certain criteria are met. As far as I can tell, and boy did I go looking for it, there is no law out there currently that gets to the question of how far does the Fourth Amendment of the United States Constitution extend? Is it geographically or jurisdictionally limited? Can Congress override that by expanding what that jurisdiction is, or can it not, which they purported to do with the SCA, and then which Nebraska came and... Well, let's suppose there was a jurisdictional defect here. Does that automatically rise to the level of a Fourth Amendment violation? In other words, let's suppose I've improperly issued a warrant outside my jurisdiction, but someone complies with that warrant. Does that mean there's a constitutional violation? Yes. That was certainly what Judge Gorsuch said in that concurrence in his dicta. He just said, look, you can't do that. The concern here, and I'm going to get into a normative argument. I'm going to run out of time, and that's okay. The normative argument is, what if you have, say, I don't know, a rabble-rouser in the state of Florida who doesn't like a politician in California, and they're able to put together loose innuendo facts and things that are publicly available, and they then take that to their local friendly state magistrate who then issues a subpoena and a warrant to California and a business, particularly a business, seeking communications and records. Maybe they prosecute. Maybe they don't. Wouldn't it be up to the recipient of the warrant to file a motion to quash? That assumes that they have an independent duty to protect that information, and I think that's attenuated from the question. The Fourth Amendment inures to the holder of those rights, which is the defendant in this case, or in any case, and not to the businesses. Just because they decided to comply does not in some way that I have been able to find defeat the constitutional requirement here. Judge Kelly, you look like you had a question. No? Okay. With that being said, the district court in upholding this essentially relied upon the SCA and the interplay of the statutes, and I think you'll have to parse both of those, and then you get down to Leon, and hey, it's good faith, and maybe it was inevitable discovery, that kind of thing. It wasn't, without being able to identify who this person is by getting the information from California. How is it not good faith? I'm sorry? How is it not good faith? I mean, is the point that the officers here should have read Judge Gorsuch's concurrence when he was on the Tenth Circuit to identify a constitutional issue that you acknowledge there's no case law on? It isn't just good faith with the officer. It's good faith with the judicial officer, and a judge sitting in Nebraska, frankly, ought to know I can't compel somebody from California to do anything, and I shouldn't be able to. That's why we have federal jurisdiction. Even though the Nebraska statute specifically authorized the warrant that was issued in this case. I'm out of time. Can I answer that question? I don't believe the statute actually does if it's parsed. I appreciate your time today. I won't have a rebuttal. I would ask that you reverse and remand. Thank you. Thank you. Counsel? May it please the court. Ben Hurst of the United States. This court should affirm the district court's judgment and denial of the motion to suppress for three reasons. First, the warrants issued by the Nebraska magistrates in this case were valid and authorized by Nebraska's state law. That's all that's required by the Fourth Amendment. Second, even if they were invalid, the good faith exception of Leon, as explained also in Illinois v. Kroll, applies. Third, even if the court were not convinced by either of those arguments, the correspondence or interplay of independent source and third party doctrines rendered the warrants that were obtained from Nebraska unnecessary to support the subsequent federal warrant that resulted in the search of the defendant's home and the statements that he made. Taking the first issue first, the warrants here were authorized by Nebraska law. I want to draw a distinction between two different statutes here. The first statute is the statute that actually authorizes Nebraska county judges to issue warrants for service on out-of-state foreign corporations. That's not limited to a particular subject matter or I think not limited to particular records. I think counsel and I have a disagreement about that. Secondly, there is a statute that is the SCA analog under Nebraska state law. That authorizes Nebraska county or governmental entities to compel the production of certain kinds of records, contents of communications, subscriber information, logs, other things like that, using a warrant issued in that case by a county judge in Nebraska. That's subject matter dependent and then the other statute is not. I think the interplay of those two statutes authorized the Nebraska county judges to issue the warrants to snap for information about the username of the defendant and then the IP address and then to Google to identify the subscriber information associated with that IP address here. We think those statutes clearly apply, they clearly authorize these search warrants to be issued. That differentiates or distinguishes this case from both Horton, which was a knit warrant case concerning a Rule 41 violation and also from Justice, or then Judge Gorsuch's concurrence in Kruger, which was a case really not about an independent limitation imposed by the Fourth Amendment on what legislatures can authorize, but rather on the Fourth Amendment's requirement that the warrant be issued in accordance with positive law by the state. In our view, the Fourth Amendment, it does require a warrant and the warrant has to be issued as authorized by positive law. A judge can't go and issue warrants where positive law doesn't authorize it. It doesn't require anything more. It doesn't require anything of the legislature to place any geographical limitations. It does make some sense because at the time of the founding, the Fourth Amendment didn't even apply to the states. It's not really concerned with interstate investigations and certainly doesn't present a shield that a defendant can hold up against the investigation of interstate crime. For that reason, we think that the Fourth Amendment doesn't present any constitutional problem with the statutes here. Certainly, I think that there's very nearly a concession that there's no law out there that holds that. To the extent that there are cases that maybe suggest there's a sovereignty interest from one state to another that would place an independent constitutional limitation on one state from authorizing its magistrates to issue warrants for searches in another state, first, it's not clear that's the defendant's right to invoke. Second, here it's not a problem because the state of California has consented to and ordered its domestic corporations to respond to these warrants as if they were issued in states. That handles any sovereignty issue. Then, to the extent there's some due process claim, I take, Judge Ross, your question involving a motion to quash. I think that's how that would be invoked. It's really a right that would be invoked by the person who's the custodian and not a right that would be the defendant's right. If the defendant has a due process right, it's the right that's incorporated through the Fourteenth Amendment by the Fourth Amendment to a warrant issued by a magistrate based on probable cause of sufficient particularity. That's what he received in this case. And yet, I think you could come up with some pretty good hypotheticals. Mr. Kelly came up with one where some politically motivated warrant was issued outside of someone's jurisdiction. Where's the line? I think, Your Honor, the way I would put it is the Fourth Amendment consigns questions about the extent or limits of a magistrate's jurisdiction to the political branches. Here, it's the Nebraska legislature on the federal side, Congress, to allow interstate issuance of warrants. You might be able to come up with this scenario. I think I could come up with some hypotheticals for you that don't have the features of this case where the state contests it. The state thinks that sovereignty has been invaded. There's a case that led to the Cloud Act where Microsoft had moved its data to Ireland and Microsoft moved to quash a warrant because the data was outside of the country. So we could maybe come up with some scenarios where on the very outer edges you might have cases that would be tougher. Here, I don't think any of those constitutional interests come into play. The Fourth Amendment was satisfied by the authorization of the Nebraska legislature to these magistrates to issue these warrants. Due process was satisfied by the corporations giving consent to service of process by transacting business in the state of Nebraska. Sovereignty interests were handled by the California statute that we discussed in our brief. So for all those reasons, we think the warrants were authorized and constitutionally valid. As to touch base on Leon, I'd just point the court to two things that I think are really important here. First, Illinois v. Crowell says unless the statute is clearly unconstitutional, officers can rely on enactments of legislatures. Here, I think there's been very nearly a concession that the statute, there's no law that holds that that Nebraska statute is unconstitutional. Certainly not clearly unconstitutional. So the officers were entitled to rely on that. I think I would disagree with counsel that good faith is about not just law enforcement officers but judges. As I understand it, good faith, I'm sorry, the exclusionary rule is about deterring police misconduct, not about fixing judicial mistakes. I think the Supreme Court has recognized suppression is not going to deter judges from making mistakes. So if the judge was incorrect about the extent of his or her jurisdiction in these cases, suppression is not a remedy for that. And it's not necessarily a remedy even if there was a Fourth Amendment violation. That takes me to my second point. A court wrote in Ortiz-Cervantes that exclusionary rule does not exist to require or even encourage law enforcement officers to second-guess the authority of judges to issue warrants. I think that even if there were a question, that would answer the Leon question here and suppression would be inappropriate. I'm happy to answer questions about the third point, about third-party doctrine and independent source if the court has any, but I'm also happy to submit that question on the briefs. Thank you, Your Honors, for your time and we'd ask the court to affirm in this case. Thank you both for your argument here today. We'll take the matter under advisement.